■ COMMERCIAL CREDIT DEVELOPMENT CORPORATION, Respondent, v COUNTY OF MONROE et al., Appellants. — Order unanimously affirmed, with costs. Memorandum: Defendants, County of Monroe and its director of finance (County), appeal from an order which granted plaintiff's motion for partial summary judgment declaring that the acquisition of certain certificates of deposit pursuant to a court order did not constitute the making of an investment within the meaning of CPLR 8010 (subd 2). On August 13, 1980 the County acquired the sum of $626,826.88, representing surplus moneys paid into court from a foreclosure action in which plaintiff was a named defendant. These funds were then deposited by the County in a day-to-day savings account at the Marine Midland Bank earning interest at the rate of 5½%. Thereafter, on February 27, 1981, following a motion made by one of the surplus money claimants pursuant to CPLR 2601 (subd [d]), the court directed the county treasurer to "invest all surplus money presently held by him * * * in a sixty day certificate of deposit issued by Central Trust Co." No fee was taken by the County at the time the certificates of deposit were purchased. Prior to paying any portion of the fund out of court, however, the County, pursuant to CPLR 8010 (subds 1, 2), deducted as its fee the sum of $17,556.32, representing 2½% of the fund balance. Plaintiff paid this fee under protest and thereafter commenced the instant action and this motion for partial summary judgment challenging the County's right pursuant to CPLR 8010 (subd 2) to a fee of one half of 1% for money allegedly "invested". CPLR 8010 provides, *inter alia,* that the treasurer of a county is entitled to a fee for rendering specified services: (1)

2% upon a sum of money paid out of court (CPLR 8010, subd 1), and (2) one half of 1% upon a sum of money invested (CPLR 8010, subd 2). Plaintiff does not contest the County's entitlement to a fee of 2% of the surplus money paid out of court. The term "invested" as used in CPLR 8010 (subd 2) has not been judicially construed. Special Term did not consider it necessary to define the term "invest" as used in the prior court order to resolve this matter. We agree. The statute governing the County's entitlement to fees should be interpreted in the light of its purposes and the framework of the law of which it is part. Prior to the court order the money delivered to the County pursuant to CPLR 2601 (subd [b]) was held in a simple interest savings account. These funds were subject to the control of the court (CPLR 2601, subd [d]). A court may direct that money be transferred or invested as it deems proper. The fair and reasonable interpretation of the order directing the County to invest the surplus moneys in a certificate of deposit in a designated bank is that the money be transferred from one account paying simple interest into a term account paying a higher rate of interest. Compliance with this order required only a ministerial act for which the County should not be entitled to an additional one half of 1% fee. (Contra — see 1980 Opns St Comp No. 80-779.) (Appeal from order of Supreme Court, Monroe County, Patlow, J. — partial summary judgment.) Present — Dillon, P. J., Callahan, Doerr, O'Donnell and Moule, JJ.